IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELODY OWIANNAI SAYRE          *
                               *
                               *
v.                             *          Civil No. – JFM-15-687
                               *
WESTLAKE SERVICES, LLC         *
                            ******

**MEMORANDUM**

Melody Owiannai Sayre filed a class action complaint against Westlake Services, LLC, in the Circuit Court of Maryland for Baltimore City. Westlake removed the action to this court under the Class Action Fairness Act. On March 12, 2015, this court denied a motion to remand filed by plaintiff. Presently pending is a motion to compel arbitration filed by Westlake. The motion will be granted.

Plaintiff does not deny signing three documents in connection with the transaction giving rise to this action: a retail installment sales contract, a purchase agreement, and a separate arbitration agreement. She contends, however, that she is not required to go to arbitration in accordance with the arbitration agreement because a Maryland regulation requires that "every vehicle sales contract or agreement shall be evidenced by an instrument containing all of the agreements." Md. Code Regs. 11.12.01.15 (A).

This argument appears to have been expressly rejected by the Fourth Circuit in *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, n.8 (4th Cir. 2012). In any event, the argument is without merit. Unquestionably, under Maryland law the three agreements signed by plaintiff are to be construed together, and Westlake unquestionably was an assignee of the retail

1

installment sales contract, which incorporated by reference the other documents signed by plaintiff.

Plaintiff also contends that the arbitration agreement is against public policy because it deprives her of an enforcement remedy (if she prevails in the arbitration) and precludes judicial review of any award. Unquestionably, the arbitration agreement could have been better worded because it provides that "[j]udgment may be entered by either party in the highest local, state, or federal court, before any administrative body." However, in context, it appears that what the agreement means is that the arbitration award should be filed with the "highest" court of any state which has a mechanism to allow an arbitration award to be entered as a judgment. In any event, if the agreement prevented any judicial enforcement of the arbitration award, that provision would fail as a matter of public policy under the Federal Arbitration Act. For the same reason, if the arbitration agreement is read as precluding judicial review, that portion of the agreement also would be void as a matter of public policy under the Federal Arbitration Act.

Finally, plaintiff alleges that the arbitration agreement is unconscionable because it allegedly would require her to pay excessive fees. The agreement does contemplate that the arbitrator will award to the prevailing party the cost and expenses incurred in connection with arbitration, including the attorneys' fees incurred by the prevailing and the fee of the arbitrator. This provision, of course, is contrary to the "American rule" which provides that generally a party that loses in litigation is not required to pay the fees of the prevailing party. Plaintiff has cited no authority, however, to support the proposition that the award of attorneys' fees to a prevailing party is against public policy.

A separate order granting Westlake's motion to compel arbitration and stay proceedings is being entered herewith.

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 SEP 30  PM 3:31

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

3

Date: 9/28/–

/s/ J. Frederick Motz
J. Frederick Motz
United States District Judge